IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>CONRAD JOSEPH OLD HORN, Jr.,<br><br>Defendant. | CR-10-86-GF-BMM-RKS<br><br>**FINDINGS AND RECOMMENDATIONS TO REVOKED DEFENDANTS SUPERVISED RELEASE** |

## I. Synopsis

Mr. Old Horn was accused of violating his conditions of supervised release by refusing to comply with a substance abuse test and consuming alcohol. Mr. Old Horn's supervised release should be revoked. He should be placed in custody for 12 months and one day, with 24 months supervised release to follow.

## II. Status

Mr. Old Horn plead guilty in 2011 to Assault Resulting in Serious Bodily Injury. Doc. 23. He was sentenced to 51 months incarceration, with three years supervised release to follow. Docs. 37. He began his supervised release period on June 2, 2014. Doc. 50. When Mr. Old Horn met with his probation officer for an

1

intake appointment on June 2, he tested positive for Suboxone and admitted ingesting the substance without authorization, in violation of his release conditions. Doc. 49. His probation office reported the violation, but did not seek revocation of Mr. Old Horn's release at that time. Doc. 49.

**Petition**

The United States Probation Office filed a petition on June 24, 2014, asking the court to revoke Mr. Old Horn's supervised release. The petition accused Mr. Old Horn of violating Special Condition 1 of his supervised release by refusing to submit to a "breathalyzer" substance abuse test. The petition also alleged that Mr. Old Horn violated Special Condition 5 by consuming alcohol. According to the petition, Mr. Old Horn's probation officer spotted Mr. Old Horn in the passenger seat of a vehicle on June 20, 2014. Mr. Old Horn appeared to be intoxicated and smelled like alcohol. The probation officer asked Mr. Old Horn to submit to the breathalyzer test. Mr. Old Horn refused. During the episode, Mr. Old Horn directed threatening and abusive language toward probation and law enforcement personnel, according to the petition. Based on the petition, United States District Judge Brian Morris issued a warrant for Mr. Old Horn's arrest. Doc. 51.

**Initial appearance**

Mr. Old Horn appeared before the undersigned on June 24, 2014, in Great Falls, Montana. He was accompanied at the initial appearance by Federal Defender Anthony Gallagher, who was appointed to represent Mr. Old Horn. Assistant United States Attorney Ryan Weldon represented the United States.

Mr. Old Horn said he had read the petition and understood the allegations. Mr. Weldon warned that Mr. Old Horn that he could be incarcerated for up to 24 months if his supervised release is revoked. Mr. Gallagher said Mr. Old Horn would waive the preliminary hearing and was prepared to proceed immediately to the revocation hearing. Mr. Weldon was also ready to proceed with the hearing. Both parties consented to proceeding before the undersigned.

**Revocation hearing**

Mr. Old Horn appeared at the revocation hearing with Mr. Gallagher. Mr. Weldon appeared on behalf of the United States.

Mr. Old Horn admitted that he violated his supervised release conditions by consuming alcohol and refusing a breathalyzer test, as alleged in the petition. He denied any wrongful conduct in a separate incident mentioned in the narrative portion of the petition. The undersigned found the admission sufficient to establish a violations of Special Conditions 1 and 5. The violations warrant revocation of Mr. Old Horn's supervised release.

Mr. Old Horn's violation grade is Grade C, his criminal history category is II, and his underlying offense is a Class C felony. He could be incarcerated for up to 24 months. He could be ordered to remain on supervised release for up to 36 months, less any custodial time imposed. The United States Sentencing Guidelines call for four to 10 months in custody.

Mr. Gallagher requested a sanction of three months incarceration followed by supervised release. Mr. Gallagher said that Mr. Old Horn had resumed associations with old friends after his release from prison, and that social environment contributed to his decision to use alcohol. Mr. Gallagher said that Mr. Old Horn's behavior described in the petition for revocation was driven by alcohol; it did not represent Mr. Old Horn's true character. Mr. Gallagher argued that Mr. Old Horn now appreciates that conditions must be followed, and a relatively short custodial period is sufficient to ensure his future compliance. If a sanction above the guideline range is imposed, Mr. Gallagher asked that it consist of commitment to the Bureau of Prisons for 12 months and one day. That is the minimum amount of time necessary to qualify an inmate for "good time" credit, and would provide Mr. Old Horn an opportunity to modestly reduce the length of his incarceration, Mr. Gallagher explained.

Mr. Old Horn addressed the court. He apologized for the violations. He said that he has a daughter and is expecting another child, and is eager to return to them.

Mr. Weldon urged a sanction of 12 months incarceration, with supervised release to follow. Mr. Weldon noted that Mr. Old Horn violated his release conditions immediately by consuming Suboxone, and did not take advantage of the second chance he was given to comply. Mr. Weldon said Mr. Old Horn had been defiant and threatening toward his probation officer and other law enforcement, proclaiming that he (Mr. Old Horn) could not be supervised.

### III. Analysis

Mr. Old Horn's supervised release should be revoked because he admitted violating its conditions. He should be incarcerated for 12 months and one day, with 24 months supervised release to follow.

A custodial sanction slightly above the guideline range is warranted because Mr. Old Horn violated conditions immediately after his release, was given a break, and then promptly violated more conditions. This behavior is a serious breach of the court's trust. Also troubling is Mr. Old Horn's defiant attitude, which indicates that a serious sanction is necessary to encourage his future compliance. A sanction of 12 months and one day will provide Mr. Old Horn with the opportunity to earn

"good time" credit, potentially reducing the custodial period to about 10 months.

The maximum period of supervised release should be imposed. Despite his failure in the previous effort, Mr. Old Horn may yet benefit from supervision if he takes it seriously. Supervision will also provide some protection to the community in the event Mr. Old Horn chooses to abuse alcohol in the future.

## IV. Conclusion

Mr. Old Horn was advised that the above sentence would be recommended to Judge Morris. He was reminded of his right to object to these Findings and Recommendations within 14 days of their issuance. The undersigned explained that Judge Morris would consider Mr. Old Horn's objection, if it is filed within the allotted time, before making a final determination on whether to revoke Mr. Old Horn's supervised release and what, if any, sanction to impose.

The court **FINDS:**

1. Conrad Old Horn, Jr. violated Special Condition 1 of his supervised release by failing to participate in substance abuse testing on June 20, 2014.

2. Conrad Old Horn, Jr. violated Special Condition 5 of his supervised release by consuming alcohol on June 20, 2014.

The court **RECOMMENDS:**

1. The District Court should enter the attached Judgment, revoking Mr.

Old Horn's supervised release and committing Mr. Old Horn to the custody of the United States Bureau of Prisons for 12 months and one day, with 24 months supervised release to follow. The District Court should impose the same supervised release conditions previously imposed, which are fully set forth in the attached Judgment.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A district judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge, and may waive the right to appear and allocute before a district judge.

Dated the 26th day of June, 2014.

/s/ Keith Strong
Keith Strong
United States Magistrate Judge