IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR-10-86-GF-BMM-01 |
| Plaintiff, | **AMENDED FINDINGS AND RECOMMENDATIONS TO REVOKE DEFENDANT'S SUPERVISED RELEASE** |
| vs. | |
| CONRAD JOSEPH OLD HORN, JR., | |
| Defendant. | |

## I. Synopsis

Mr. Old Horn was accused of violating his conditions of supervised release by failing to: (1) permit a probation officer to visit him at any time and place; (2) participate in and complete a program of substance abuse treatment; (3) participate in a program for mental health treatment; and (4) abstain from the consumption of alcohol. He admitted to the violations. Mr. Old Horn's supervised release should be revoked. He should be placed in custody for 12 months and one day, with no term of supervised release to follow.

## II. Status

On October 26, 2010, United States District Judge Sam Haddon accepted Mr. Old Horn's plea of guilty to the offense of Assault Resulting in Serious Bodily Injury. Doc. 23. Mr. Old Horn was sentenced to 51 months of incarceration, with

3 years of supervised release to follow.  Doc. 37.  Mr. Old Horn's first term of supervised release began on May 30, 2014.  On July 11, 2014, Mr. Old Horn's supervised release was revoked because he refused to comply with a substance abuse test and consumed alcohol.  Mr. Old Horn was sentenced to 12 months and one day of incarceration, followed by 24 months of supervised release.  Docs. 50, 57-58.  Mr. Old Horn's current term of supervised release began on May 4, 2015.  Doc. 62.

**Petition**

On May 6, 2015, the United States Probation Office filed a petition asking the Court to revoke Mr. Old Horn's supervised release.  In the petition, the Probation Office accused Mr. Old Horn of violating Standard Condition 10 of his supervised release by failing to permit a probation officer to visit him at any time and place.  The Probation Office also accused Mr. Old Horn of violating Special Condition 2 of his supervised release by failing to participate in and complete a program of substance abuse treatment.  The Probation Office alleged Mr. Old Horn violated Special Condition 3 of his supervised release by failing to participate in a program for mental health treatment as deemed necessary by a probation officer.  The Probation Office also alleged Mr. Old Horn violated Special Condition 5 of his supervised release by failing to abstain from the consumption of alcohol.  Doc. 62.  Based on the petition, United States Magistrate Judge John Johnston issued a

warrant for Mr. Old Horn's arrest.  Doc. 63.

**Initial appearance**

Mr. Old Horn appeared before the undersigned on May 11, 2015, in Great Falls, Montana.  Federal Defender Henry Branom accompanied him at the initial appearance.  Assistant United States Attorney Jessica Betley represented the United States.

Mr. Old Horn said he had read the petition and understood the allegations.  Mr. Old Horn waived the preliminary hearing, and the parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

On May 11, 2015, Mr. Old Horn appeared with Mr. Branom before the undersigned for a revocation hearing.  Ms. Betley appeared on behalf of the United States.

Mr. Old Horn admitted that he violated the conditions of his supervised release.  The violations are serious and warrant revocation of Mr. Old Horn's supervised release.

Mr. Old Horn's violation grade is Grade C, his criminal history category is II, and his underlying offense is a Class C felony.  He could be incarcerated for up to 24 months.  He could be ordered to remain on supervised release for 24 months, less any custody time imposed.  The United States Sentencing Guidelines call for

four to ten months in custody.

Both parties recommended the Court sentence Mr. Old Horn to 12 months and one day of custody, with no supervised release to follow. The parties noted that Mr. Old Horn has already had supervised release revoked once and is obviously unable to comply with the conditions. Mr. Old Horn declined to address the Court.

### III. Analysis

Mr. Old Horn's supervised release should be revoked because he admitted violating its conditions. Mr. Old Horn should be sentenced to 12 months and one day of incarceration, with no term of supervised release to follow. Mr. Old Horn's violations merit an upward departure from the guideline range. Mr. Old Horn has demonstrated a complete and persistent disrespect for the Court that requires a significant sanction. The first time his supervised release was revoked, Mr. Old Horn had been on supervised release for less than one month. Two days after Mr. Old Horn started his most recent term of supervised release, the Probation Office filed its petition.

No additional supervised release should be imposed. Efforts to supervise and assist Mr. Old Horn at taxpayer expense have failed because Mr. Old Horn has been unwilling to cooperate. Further attempts would be a poor investment of limited resources.

# IV.  Conclusion

Mr. Old Horn was advised that the above sentence would be recommended to Judge Morris.  The Court reminded him of his right to object to these Findings and Recommendations within 14 days of their issuance.  The undersigned explained that Judge Morris would consider Mr. Old Horn's objection, if it is filed within the allotted time, before making a final determination on whether to revoke Mr. Old Horn's supervised release and what, if any, sanction to impose.

The Court **FINDS:**

1. Conrad Joseph Old Horn, Jr., violated Standard Condition 10 of his supervised release by failing to permit his probation officer to visit him when he hid in an attic on May 6, 2015.

2. Conrad Joseph Old Horn, Jr., violated Special Condition 2 of his supervised release by failing to participate and complete a program of substance abuse treatment by failing to appear for his initial chemical dependency treatment appointment on May 6, 2015.

3. Conrad Joseph Old Horn, Jr., violated Special Condition 3 of his supervised release by failing to participate a program of mental health treatment by failing to appear for his initial mental health treatment appointment on May 6, 2015.

4. Conrad Joseph Old Horn, Jr., violated Special Condition 5 of his supervised release by failing to abstain from the consumption of alcohol by consuming alcohol on May 6, 2015.

The Court **RECOMMENDS:**

The District Court should enter the attached Judgment, revoking Mr. Old Horn's supervised release and committing Mr. Old Horn to the custody of the United

States Bureau of Prisons for 12 months and one day, with no supervised release to follow.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A district judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge, and may waive the right to appear and allocute before a district judge.

Dated the 12th day of May, 2015.

_____
John Johnston
United States Magistrate Judge